FILED

2003 OCT 23  A 9: 07

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

US DISTRICT COURT
BRIDGEPORT CT

KEVIN STANLEY,                          :
      Petitioner                     :
                            :
                            :          PRISONER CASE NO.
    v.                              :          3:03-cv-333 (JCH)
                            :
JOHN ARMSTRONG,                         :          OCTOBER 22, 2003
      Respondent                     :

## RULING ON MOTION TO TRANSFER
## PETITION TO THE U.S. COURT OF APPEALS [DKT. NO. 10]

The petitioner, Kevin Stanley ("Stanley"), filed this habeas corpus action pursuant

to 28 U.S.C. § 2254.  The respondent has moved to transfer this petition to the Court of

Appeals on the ground that the petition is second or successive within the meaning of 28

U.S.C. § 2244(b)(3)(A).  For the reasons that follow, the respondent's motion is granted

and this case is transferred to the United States Court of Appeals for the Second Circuit.

## I.    BACKGROUND

In 1990, Stanley was convicted of murder and sentenced to a sixty-year term of

imprisonment.  Stanley's conviction was affirmed on direct appeal.  See State v. Stanley,

613 A.2d 788 (Conn. App. 1992).  In 1994, Stanley filed a federal habeas petition, Stanley

v. Meachum, Case No. 3:94cv866 (PCD).  The magistrate judge's recommended ruling

denying the petition on the merits was approved and adopted by the court on July 8, 1996.

Also in 1994, Stanley filed a petition for habeas corpus in state court on the ground

that he was afforded ineffective assistance of counsel.  The state court decision denying the

petition was affirmed on direct appeal.  See Stanley v. Comm'r. of Corr., 786 A.2d 1249

(Conn. App. 2001).  Certification was denied by the Connecticut Supreme Court, see

Stanley v. Comm'r. of Corr., 792 A.2d 855 (Conn. 2002), and certiorari was denied by the

United States Supreme Court.  See Stanley v. Armstrong, 123 S. Ct. 155 (2002).   On

February 26, 2003, Stanley commenced this action seeking a writ of habeas corpus on the

ground that he was afforded ineffective assistance of counsel during his 1990 trial.

## II.    DISCUSSION

The respondent has filed a motion to transfer this action to the Court of Appeals.

He argues that Stanley cannot file a second federal habeas petition without first obtaining

certification from the Second Circuit.  Petitioner, who is represented in this action, has not

opposed the motion to transfer.

In 1996, 28 U.S.C. § 2244 was amended to provide, in relevant part, that a

petitioner must seek permission from the court of appeals before filing a second or

successive habeas petition in the district court.[1]  See 28 U.S.C. § 2244(b)(3)(A).  The

section also was amended to provide that a claim presented in a second or successive habeas

corpus petition that was not presented in a prior petition shall be dismissed unless certain

requirements are met.  See 28 U.S.C. § 2244(b)(2).  These amendments have transferred

--------

[1] This requirement applies even where, as here, the first habeas petition was filed before the amendment of section 2244.  See Mancuso v. Herbert, 166 F.3d 97, 101 (2d Cir. 1999).

2

to the court of appeals the screening function formerly performed by the district courts under the doctrine of abuse of the writ.  See Felker v. Turpin, 518 U.S. 651, 664 (1996).

Because Stanley's first federal habeas petition was denied on the merits, this petition is a second or successive petition within the meaning of section 2244.  Stanley neither alleges in his petition nor attaches evidence that he has obtained permission from the Second Circuit to file this petition.  Under this circumstance, the Second Circuit has held that the district court "should transfer the petition . . . to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631." Liriano v. United States, 95 F.3d 119, 122 (2d Cir. 1996).  Thus, the respondent's motion to transfer is granted, and this case is transferred to the Second Circuit, in the interest of justice pursuant to 28 U.S.C. § 1631, to enable that court to determine whether the petitioner may file a second petition.

III.    **CONCLUSION**

The respondent's Motion to Transfer Petition to the U.S. Court of Appeals [Dkt. No. 10] is **GRANTED** absent objection.  In accordance with the requirements of 28 U.S.C. §2244(b)(3)(A) and in the interest of justice pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claims raised in this petition should be considered by the district court.

**SO ORDERED.**

Dated this 22nd day of October, 2003, at Bridgeport, Connecticut.

Janet C. Hall
United States District Judge